67 F.3d 301
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
GROSS COMMON CARRIER, INC., Plaintiff-Appellant,
v.
BRIDGESTONE/FIRESTONE, INC., Defendant-Appellee.
 No. 94-3250.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 15, 1995.*
Decided Sept. 22, 1995.
 
 1
 Before COFFEY and EASTERBROOK, Circuit Judges, and MCDADE, District Judge**.
 
 Order
 
 2
 The question in this case is all but identical to the issue resolved by the court in Gross Common Carrier, Inc. v. Baxter Healthcare Corp., 51 F.3d 703 (7th Cir.1995). As the captions indicate, the two cases have a common plaintiff, and the legal arguments largely overlap. In each, the carrier asserts that interlining shipments with other carriers changed contract carriage to common carriage and activated the filed rate doctrine, entitling it to collect a higher rate.
 
 
 3
 Plaintiff Gross Common Carrier lost the prior case and seeks to distinguish this one on the ground that its contract with Bridgestone/Firestone did not prohibit the interlining of traffic. Bridgestone/Firestone's request for proposals, which formed the basis of the contract, said that "[t]he carrier is responsible for loading and unloading traffic and must protect all discounts on interlined traffic." Plaintiff tells us that this means that the shipper consented to interlining. Actually the letter says the opposite: any interlining that imperiled the contract rates was forbidden. Bridgestone/Firestone told carriers to indicate whether they intended to interline cargo; nothing in plaintiff's bid revealed that it would employ this practice. The final text of the contract prohibits plaintiff from hiring other carriers on the shipper's behalf. Plaintiff alone made the decision to enlist the aid of other carriers in moving Bridgestone/Firestone's goods. The contract explicitly calls for contract carriage, not common carriage, and as in Baxter Healthcare plaintiff's unilateral decision to send the shipper's goods via another carrier does not entitle it to collect a higher rate, whether or not the shipper knew that plaintiff was using other carriers. 51 F.3d at 709-10.
 
 AFFIRMED
 
 
 *
 The case was originally scheduled for oral argument but was removed from the calendar because of its similarity to another case that was pending before another panel. The opinion in the other case has issued, the parties have filed memoranda addressing the significance of that opinion, and this case is now ready for decision
 
 
 **
 Of the Central District of Illinois, sitting by designation